IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. _____

| | |
|---|---|
| REBECCA MACHELLE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| THE PNC FINANCIAL SERVICES GROUP, ) | |
| INC. F/K/A PNC BANK CORP.; THE PNC ) | |
| FINANCIAL SERVICES INC. AND ) | |
| AFFILIATES LONG TERM DISABILITY PLAN ) | |
| F/K/A PNC BANK CORP. AND AFFILIATES ) | |
| LONG TERM DISABILITY PLAN; and ) | |
| SEDGWICK CLAIMS MANAGEMENT ) | |
| SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Rebecca Machelle Martin, by and through counsel, states as her Complaint the following:

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.

2. This is an action for long-term term disability ("LTD benefits") and enforcement of ERISA rights pursuant to 29 U.S.C. §1132.

1

3. Plaintiff is entitled to bring this action as a Participant within the meaning of 29 U.S.C. §1002(7).

4. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1331.

5. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## THE PARTIES

6. Plaintiff Rebecca Machelle Martin ("Plaintiff" or "Ms. Martin"), f/k/a Rebecca Machelle Peebly, is a resident of Charlotte, Mecklenburg County, North Carolina.

7. Upon information and belief, Defendant The PNC Financial Services Inc. and Affiliates Long Term Disability Plan f/k/a PNC Bank Corp. and Affiliates Long Term Disability Plan (the "Plan"), is an employee benefit plan governed by ERISA pursuant to 29 U.S.C. §§1002(3), 1003(a) and 1132(d).

8. Upon information and belief, Defendant The PNC Financial Services Group, Inc. f/k/a PNC Bank Corp. ("PNC") is a Pennsylvania corporation doing business throughout North Carolina and the United States.

9. Upon information and belief, Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") is an Illinois corporation doing business throughout North Carolina and the United States.

## THE PLAN

10. Upon information and belief, PNC is the sponsor of the Plan and the designated plan administrator.

11. Upon information and belief, the Plan is self-funded by PNC.

12. Upon information and belief, PNC established the Plan for the purpose of providing LTD benefits to participants who become disabled.

13. Upon information and belief, on or about March 1, 2004, PNC entered into a Services Contract with Sedgwick to administer claims under the Plan.

14. Upon information and belief, after a ninety day elimination period, LTD benefits are payable each month as long as a participant is disabled until the maximum benefit period of age sixty-five (65).

## MS. MARTIN'S DISABILITY AND CLAIM UNDER THE PLAN

15. Upon information and belief, at all times relevant to this action, Ms. Martin was employed by PNC as a Functional Training Manager III.

16. At all times relevant to this action, Ms. Martin was eligible to and did participate in the Plan.

17. On or about November 3, 2003, Ms. Martin became totally disabled under the terms of the Plan and has remained so continuing through the present.

18. Ms. Martin timely applied for LTD benefits under the Plan.

19. On or about February 23, 2004, the Plan's former claim administrator approved Ms. Martin's claim for LTD benefits effective January 31, 2004.

20. Shortly after taking over as claim administrator in March 2004, Sedgwick reviewed Ms. Martin's claim and approved her for continuing LTD benefits.

21. Thereafter, Sedgwick continued to approve Ms. Martin's LTD benefits for the twenty four month regular occupation period and continuing into the any gainful occupation period.

22. By letter dated March 11, 2008, Sedgwick terminated Ms. Martin's LTD benefits effective October 31, 2007 based on the contention that she is not totally disabled.

23. When Sedgwick terminated Ms. Martin's LTD benefits, it did so knowing that Ms. Martin's medical condition had not improved or had not improved to the point that she could return to work at any gainful occupation.

24. Ms. Martin timely requested an appeal review.

25. By letter dated October 1, 2008, Sedgwick upheld its decision to terminate Ms. Martin's LTD benefits on appeal.

26. Sedgwick's decision to terminate Ms. Martin's benefits was grossly wrong, without basis and contrary to the evidence before it.

27. Sedgwick's decision to terminate Ms. Martin's benefits is unreasonable, is not based on substantial evidence, is not the result of a deliberate, principled reasoning process, and constitutes an erroneous benefit determination.

28. Defendants did not establish and maintain a reasonable claim procedure or provide a full and fair review of Ms. Martin's claim as required by ERISA and the Plan.

29. Instead, Defendants violated the Plan and ERISA by and including, but not limited to the following acts:

    A. rewarding Sedgwick for denying and terminating claims;

4

Case 5:11-cv-00138-RLV-DSC   Document 1   Filed 09/30/11   Page 4 of 8

B. conducting review of Ms. Martin's claim in a manner calculated to reach the desired result of terminating benefits;

C. ignoring competent evidence of Ms. Martin's disability without any credible contrary evidence;

D. failing to evaluate or adequately evaluate Ms. Martin's medical conditions;

E. failing to properly consider and credit the medical opinions of Ms. Martin's treating physicians without any credible contrary evidence or medical examination of Ms. Martin;

F. failing to consider and credit the sworn testimony of Ms. Martin and her family;

G. failing to comply with the fiduciary obligations required by ERISA and the Plan; and,

H. failing to follow ERISA and the Plan in other ways that may be shown through discovery or the litigation process.

5

30. Defendants acted under a conflict of interest in that they have a pecuniary interest in denying claims under the Plan, including Ms. Martin's claim, regardless of merit.

31. The Plan does not grant Sedgwick discretionary authority to determine eligibility for benefits or to construe the terms of the Plan. Therefore, the Court should review Sedgwick's decision under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989). In the alternative, Sedgwick's decision constitutes an abuse of discretion.

## CLAIMS FOR RELIEF

32. Plaintiff incorporates by reference Paragraphs 1 through 31 as if fully set forth below.

33. As more fully described above, Ms. Martin exhausted the Plan's claim review procedure and administrative remedies.

34. As more fully described above, the conduct of the Defendants and their termination and refusal to pay Ms. Martin's valid claim for LTD benefits beyond October 31, 2007 constitutes a breach of their obligations under the Plan and ERISA.

35. Ms. Martin brings this action to recover LTD benefits due and to enforce her rights under the Plan and ERISA pursuant to 29 U.S.C. §1132(a)(1)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for the Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*.

2. That the Court may take and review the records and claims files of the Defendants and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. At all relevant times, Ms. Martin met the Plan's definition of totally disabled and is entitled to LTD benefits;

4. Defendants shall pay to Ms. Martin all LTD benefits under the Plan due through the present, and continuing until that point in the future when Ms. Martin becomes no longer disabled under the Plan or reaches the maximum benefit period;

5. Ms. Martin shall receive any further relief to which she is entitled to under the Plan;

6. Defendants shall pay to Plaintiff such prejudgment interest as allowed by law;

7. Defendants shall pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

8. Defendants shall pay attorney's fees for Plaintiff's counsel;

9. Plaintiff shall receive such further relief against Defendant as the Court deems lawful, just and proper.

Respectfully submitted, this 30th day of September, 2011.

                **s/Charles McB. Sasser**
                By: Charles McB. Sasser
                Attorney for the Plaintiff
                State Bar No.: 10027
                The Sasser Law Firm, P.A.
                1011 East Morehead Street
                Suite 350
                Charlotte, NC 28204
                (704) 342-4200
                msasser@sasserlawoffice.com