IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| REBECCA MACHELLE MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC. F/K/A PNC BANK CORP.; THE PNC FINANCIAL SERVICES INC. AND AFFILIATES LONG TERM DISABILITY PLAN F/K/A PNC BANK CORP. AND AFFILIATES LONG TERM DISABILITY PLAN; and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>Defendants. | Civil Action No. 5:11-cv-00138- RLV-DSC |

## THE PNC BANK CORP. AND AFFILIATES LONG TERM DISABILITY PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The PNC Bank Corp. and Affiliates Long Term Disability Plan ("Defendant" or the "Plan")[1], by and through its undersigned counsel, submits this Answer to the Complaint of Plaintiff Rebecca Machelle Martin ("Plaintiff").

The numbered paragraphs, and each factual allegation, of the Complaint, unless specifically admitted herein, are denied. Further, all documents and information referenced in the Complaint which are outside the scope of Sedgwick Claims Management Services, Inc.'s ("Sedgwick") administrative claims file for Plaintiff (hereinafter referred to as "Administrative Record") are not part of the Administrative Record for this case.

---

[1] The PNC Financial Services Group, Inc. ("PNC") is successor by name to PNC Bank Corp. The Plan is an employee benefit plan sponsored by The PNC Financial Services Group, Inc. The name of the Plan has not yet been amended to reflect the change in the name of the predecessor, PNC Bank Corp., that was effective March 14, 2000. Thus, references herein to PNC include PNC Bank Corp. and/or PNC's subsidiaries as they existed prior to today.

## JURISDICTION AND VENUE

1. Plaintiff sets forth the general nature of this action as well as conclusions of law in Paragraph 1 of the Complaint, which do not require a response on behalf of Defendant. To the extent that Plaintiff sets forth factual allegations in Paragraph 1 of the Complaint, Defendant admits that the Plan is an employee welfare benefits plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and refers to the Plan for the true and accurate contents thereof, which speak for themselves. Answering further, Defendant admits that the Plan offered long-term disability ("LTD") benefits to certain eligible employees of The PNC Financial Services Group, Inc. ("PNC"). Defendant denies, however, that Plaintiff is entitled to any of the benefits at issue under the Plan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Plaintiff sets forth the general nature of this action as well as conclusions of law in Paragraph 2 of the Complaint, which do not require a response on behalf of Defendant. To the extent that Plaintiff sets forth factual allegations in Paragraph 2 of the Complaint, Defendant admits that the Plan is an employee welfare benefits plan governed by ERISA, and refers to the Plan for the true and accurate contents thereof, which speak for themselves. Answering further, Defendant admits that the Plan offered LTD benefits to certain eligible employees of PNC. Defendant denies, however, that Plaintiff is entitled to any of the benefits at issue under the Plan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of the Complaint.

3. Plaintiff sets forth conclusions of law in Paragraph 3 of the Complaint, which do not require a response on behalf of Defendant. To the extent that Plaintiff sets forth factual allegations in Paragraph 3, Defendant admits that Plaintiff participated in the Plan, but deny that Plaintiff is entitled to benefits at issue under the Plan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of the Complaint.

4. Plaintiff sets forth conclusions of law in Paragraph 4 of the Complaint, which do not require a response on behalf of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Plaintiff sets forth conclusions of law in Paragraph 5 of the Complaint, which do not require a response on behalf of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Complaint.

## THE PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Plaintiff sets forth conclusions of law in Paragraph 7 of the Complaint, which do not require a response on behalf of Defendant. To the extent that Plaintiff sets forth factual allegations in Paragraph 7 of the Complaint, Defendant admits that the Plan is an employee welfare benefits plan governed by ERISA, and refers to the Plan for the true and accurate contents thereof, which speak for themselves. Answering further, Defendant admits that the Plan

offered LTD benefits to certain eligible employees of PNC. Defendant denies, however, that Plaintiff is entitled to any of the benefits at issue under the Plan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits that PNC is a Pennsylvania corporation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

## **THE PLAN**

10. Defendant admits that the Plan list PNC as the Plan Administrator and refers to the Plan for the true and accurate contents thereof, which speak for themselves. Answering further, Defendant admits that PNC entered into an Administrative Services Agreement with Sedgwick with respect to the Plan, and refers to said Agreement and the Plan for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits that the Plan is self-funded and LTD benefits under the Plan are paid from a trust pre-established for that purpose. Defendant denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits that the Plan offered LTD benefits to certain eligible employees of PNC and refers to the Plan for the true and accurate contents thereof, which speak for

themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits that PNC entered into an Administrative Services Agreement with Sedgwick with respect to the Plan, and refers to said Agreement and the Plan for the true and accurate contents thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendant refers to the Plan for the true and accurate contents thereof, which speak for themselves. Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint.

## MS. MARTIN'S DISABILITY AND CLAIM UNDER THE PLAN

15. Defendant refers to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Notwithstanding the foregoing, and upon information and belief, Defendant admits that Plaintiff was employed as a Functional Training Manager III until she stopped working on October 31, 2003. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits, upon information and belief, that Plaintiff participated in the Plan, but denies that Plaintiff is eligible for and/or entitled to the benefits at issue under the Plan. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendant refers to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves. Notwithstanding

the foregoing, Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint.

17. Defendant refers to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint.

18. Defendant refers to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

19. Defendant refers to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Notwithstanding the foregoing, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint.

20. Defendant refers to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of the Complaint.

21. Defendant refers to the Administrative Record, including, but not limited to Sedgwick's referenced letter, dated March 11, 2008, for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendant refers to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant refers to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 24 of the Complaint.

25. Defendant refers to the Administrative Record, including, but not limited to, Sedgwick's referenced letter, dated October 1, 2008, for the true and accurate contents thereof, which speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of the Complaint.

26. Plaintiff sets forth conclusions of law in Paragraph 26 of the Complaint, which do not require a response on behalf of Defendant. Notwithstanding the foregoing, Defendant refers to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Plaintiff sets forth conclusions of law in Paragraph 27 of the Complaint, which do not require a response on behalf of Defendant. Notwithstanding the foregoing, Defendant refers to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Plaintiff sets forth conclusions of law in Paragraph 28 of the Complaint, which do not require a response on behalf of Defendant. Notwithstanding the foregoing, Defendant refers

PPAB 1902727v1

to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.  Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Plaintiff sets forth conclusions of law in Paragraph 29 of the Complaint, which do not require a response on behalf of Defendant.  Notwithstanding the foregoing, Defendant refers to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.  Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Plaintiff sets forth conclusions of law in Paragraph 30 of the Complaint, which do not require a response on behalf of Defendant.  Notwithstanding the foregoing, Defendant refers to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.  Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Plaintiff sets forth conclusions of law in Paragraph 31 of the Complaint, which do not require a response on behalf of Defendant.  To the extent that Plaintiff sets forth factual allegations in Paragraph 31 of the Complaint, Defendant refers to the Administrative Record, including, but not limited to, the Administrative Services Agreement and the Plan, for the true and accurate contents thereof, which speak for themselves.  Defendant denies the remaining allegations set forth in Paragraph 31 of the Complaint.

## **CLAIMS FOR RELIEF**

32. Defendant repeats, reiterates and realleges each and every response to Paragraphs 1 through 31 of Plaintiff's Complaint, and incorporate its responses to Paragraphs 1 through 31

of Plaintiff's Complaint with the same force and effect as though fully set forth herein.

33. Defendant refers to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Plaintiff sets forth conclusions of law in Paragraph 34 of the Complaint, which do not require a response on behalf of Defendant. Notwithstanding the foregoing, Defendant refers to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Plaintiff sets forth the general nature of this action as well as conclusions of law in Paragraph 35 of the Complaint, which do not require a response on behalf of Defendant. To the extent that Plaintiff sets forth factual allegations in Paragraph 35 of the Complaint, Defendant refers to the Administrative Record, including, but not limited to, the Plan for the true and accurate contents thereof, which speak for themselves. To the extent that Plaintiff claims that she is entitled to any LTD benefits under the Plan, Defendant denies such allegations. Defendant denies any remaining allegations set forth in Paragraph 35 of the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant denies that Plaintiff is entitled to any benefits, relief and/or damages against it, including but not limited to LTD benefits, interest, fees and costs. Defendant respectfully requests that this Court dismiss this action with prejudice and award Defendant its costs, attorneys' fees, and such other and further relief that this Court deems just and proper.

PPAB 1902727v1

1. Plaintiff sets forth conclusions of law in Paragraph 1 of the Prayer for Relief in Plaintiff's Complaint which do not require a response on behalf of Defendant. Notwithstanding the foregoing, Defendant states that the arbitrary and capricious standard of review applies in this case and denies the remaining allegations set forth in Paragraph 1 of the Prayer for Relief in Plaintiff's Complaint.

2. Plaintiff sets forth conclusions of law in Paragraph 2 of the Prayer for Relief in Plaintiff's Complaint which do not require a response on behalf of Defendant. Notwithstanding the foregoing, Defendant states that the Court's review in this case is limited to the Administrative Record and that the arbitrary and capricious standard of review applies to the Court's review and denies the remaining allegations set forth in Paragraph 2 of the Prayer for Relief in Plaintiff's Complaint.

3. Defendant denies the allegations set forth in Paragraph 3 of the Prayer for Relief in Plaintiff's Complaint. Answering further, Defendant refers to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.

4. Defendant denies the allegations set forth in Paragraph 4 of the Prayer for Relief in Plaintiff's Complaint. Answering further, Defendant denies that Plaintiff is entitled to any benefits, interest, relief and/or damages against it, and respectfully requests that this Court dismiss this action with prejudice and award Defendant its costs, attorneys fees, and such other further relief that this Court deems just and proper.

5. Defendant denies the allegations set forth in Paragraph 5 of the Prayer for Relief in Plaintiff's Complaint. Answering further, Defendant denies that Plaintiff is entitled to any

benefits, interest, relief and/or damages against it, and respectfully requests that this Court dismiss this action with prejudice and award Defendant its costs, attorneys fees, and such other further relief that this Court deems just and proper.

6. Defendant denies the allegations set forth in Paragraph 6 of the Prayer for Relief in Plaintiff's Complaint. Answering further, Defendant denies that Plaintiff is entitled to any benefits, interest, relief and/or damages against it, and respectfully requests that this Court dismiss this action with prejudice and award Defendant its costs, attorneys fees, and such other further relief that this Court deems just and proper.

7. Defendant denies the allegations set forth in Paragraph 7 of the Prayer for Relief in Plaintiff's Complaint. Answering further, Defendant denies that Plaintiff is entitled to any benefits, interest, relief and/or damages against it, and respectfully requests that this Court dismiss this action with prejudice and award Defendant its costs, attorneys fees, and such other further relief that this Court deems just and proper.

8. Defendant denies the allegations set forth in Paragraph 8 of the Prayer for Relief in Plaintiff's Complaint. Answering further, Defendant denies that Plaintiff is entitled to any benefits, interest, relief and/or damages against it, and respectfully requests that this Court dismiss this action with prejudice and award Defendant its costs, attorneys fees, and such other further relief that this Court deems just and proper.

9. Defendant denies the allegations set forth in Paragraph 9 of the Prayer for Relief in Plaintiff's Complaint. Answering further, Defendant denies that Plaintiff is entitled to any benefits, interest, relief and/or damages against it, and respectfully requests that this Court

dismiss this action with prejudice and award Defendant its costs, attorneys fees, and such other further relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state any claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plan by its terms vests the administrator with discretionary authority, and, thus, the deferential arbitrary and capricious standard of review applies in this case.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to provide sufficient evidence supporting her alleged Total Disability.

### FOURTH AFFIRMATIVE DEFENSE

The reasonable exercise of discretion in denying Plaintiff's claim was not arbitrary or capricious.

### FIFTH AFFIRMATIVE DEFENSE

The Plan's process for the claim and appeal of any benefits is reasonable and was applied to Plaintiff's claim fairly and appropriately.

### SIXTH AFFIRMATIVE DEFENSE

There was no conflict of interest with respect to Plaintiff's claim for benefits.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to extracontractual compensatory or punitive damages under ERISA or other applicable law. Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims, if any, are preempted by ERISA.

## NINTH AFFIRMATIVE DEFENSE

Defendant acted pursuant to a duty required by law, statute and/or a statutorily authorized regulation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by her failure to timely file a claim for LTD benefits as required by the Plan.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the applicable statute of limitations, failure to exhaust administrative remedies and/or other pre-requisites to suit.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant satisfied its obligations to Plaintiff, and Plaintiff is not entitled to any of the claimed damages in the case at bar.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not "Totally Disabled" and/or otherwise entitled to benefits under the terms of the Plan.

Dated:  December 5, 2011

Respectfully submitted,

THE PNC BANK CORP. AND AFFILIATES LONG TERM DISABILITY PLAN,

By its attorneys,

s/ Keith M. Weddington
Keith M. Weddington
N.C. Bar No. 14352

PPAB 1902727v1

Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center
401 South Tryon Street
Suite 3000
Charlotte, NC 28202
Telephone:  704.335.9035
Facsimile:  704.335.9697
Email:  keithweddington@parkerpoe.com

Gina D. Wodarski (*pro hac vice application to be filed*)
Edwards Wildman Palmer LLP
111 Huntington Avenue
Boston, MA 02199-7613
Telephone:  617.951.2223
Facsimile:  617.439.4170
Email:  gwodarski@edwardswildman.com

Jonathan R. Shank (*pro hac vice application to be filed*)
Edwards Wildman Palmer LLP
2800 Financial Plaza
Providence, RI 02903
Telephone:  401.528.5755
Facsimile:  866.955.9271
Email:  jshank@edwardswildman.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **"The PNC Bank. Corp. And Affiliates Long Term Disability Plan's Answer To Plaintiff's Complaint"** has been served upon Plaintiff's counsel via the Court's ECF/Electronic Case Filing System as noted below:

>Charles McBrayer Sasser
>The Sasser Law Firm, P.A.
>Suite 350
>1011 East Morehead Street
>Charlotte, NC 28204
>Email: msasser@sasserlawoffice.com

This the 5th day of December, 2011.

>s/ Keith M. Weddington
>Keith M. Weddington
>N.C. Bar No. 14352
>Parker Poe Adams & Bernstein LLP
>Three Wells Fargo Center
>401 South Tryon Street
>Suite 3000
>Charlotte, NC 28202
>Telephone:  704.335.9035
>Facsimile:  704.335.9697
>Email:  keithweddington@parkerpoe.com

PPAB 1902727v1