IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00138-RLV-DSC

| | |
|---|---|
| REBECCA MACHELLE MARTIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE PNC FINANCIAL SERVICES ) <br> GROUP, INC.; THE PNC ) <br> FINANCIAL SERVICES, INC., ) <br> AND AFFILIATES LONG TERM ) <br> DISABILITY PLAN; and ) <br> SEDGWICK CLAIMS ) <br> MANAGEMENT SERVICES, ) <br> INC., ) <br> ) <br> Defendants. ) <br> _____) | MEMORANDUM AND ORDER |

**THIS MATTER** is before the Court on Defendants Sedgwick Claims Management Services, Inc.'s ("Sedgwick's") and The PNC Financial Services Group, Inc.'s ("PNC's") Motions to Dismiss for Failure to State a Claim, filed October 24, 2011, and November 28, 2011, respectively. (Docs. 5, 14.)

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Martin alleges she participated in a long-term disability plan, namely The PNC Bank Corp. and Affiliates Long Term Disability Plan ("Plan"), as a full-time employee of PNC. (Doc. 1 at 3.) Defendant Plan is a self-funded "employee welfare benefit plan" as defined within 29 U.S.C. §§ 1002–03, and Plaintiff received long-term disability benefits under the Plan from January 31, 2004, to October 31, 2007. (Doc. 1 at 3–4.) Defendant Sedgwick, then serving as "claim administrator" of the Plan, terminated said benefits, contending that Plaintiff was not

1

totally disabled. (Doc. 1 at 3–4.) Plaintiff exhausted the Plan's claim review procedure and filed the instant Complaint on September 30, 2011, seeking, among other relief, recovery of unpaid plan benefits pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (Doc. 1 at 6.)

## II. STANDARD OF REVIEW

A motion filed per Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint, *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006), measured by whether it meets the standards stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted), *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (applying Rule 8).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true, must state a "plausible," not merely conceivable, case for relief. *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.) (citing *Iqbal*, 129 S. Ct. at 1950–51 (citations omitted)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful

2

Case 5:11-cv-00138-RLV-DSC   Document 22   Filed 05/17/12   Page 2 of 7

conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

As regards the appropriate standard for judicial review of a denial of a claim for benefits by the administrator of a benefits plan covered by ERISA, "[u]nless an ERISA benefits plan expressly gives its administrator discretionary authority to determine eligibility for benefits or to construe its terms, a reviewing court uses a de novo standard of review." *Gluth v. Wal-Mart Stores, Inc.*, No. 96-1307, 1997 WL 368625, at *4 (4th Cir. July 3, 1997) (citation omitted). On the other hand, where an ERISA benefits plan does give its administrator such discretionary authority, "a reviewing court may only reverse the denial of benefits upon a conclusion that the administrator abused its discretion." *Id.* (citations omitted). Under the abuse of discretion standard of review, a reviewing court should not disturb the administrator's decision if it is reasonable, that is, "the decision is (1) the result of a deliberate, principled reasoning process and (2) supported by substantial evidence." *Id.* (quotations and citations omitted). Finally, when reviewing a plan administrator's decision under the abuse-of-discretion standard, "a court may consider only the record that was before the plan administrator at the time the plan administrator reached its decision." *Id.* (citation omitted); *cf. Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 531 (D. Md. 2011) (holding that *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), created an exception to this general rule, thereby making additional discovery available where the administrator has a structural conflict of interest and information not contained in the record is necessary to enable the court to determine the likelihood that the conflict influenced the particular benefits decision at issue).

### III. ANALYSIS

Defendants Sedgwick and PNC argue that Plaintiff cannot assert her claim under section

1132(a)(1)(B) as against them because Defendant Plan is the only proper defendant. The employee benefit plan is itself an entity capable of suing and being sued, and "[a]ny money judgment under [29 U.S.C. §§ 1001–1991C] against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is [otherwise properly] established in his individual capacity . . . ." 29 U.S.C. § 1132(d)(1)–(2).

The "unless" clause in section 1132(d)(2), omitted from Defendants' briefs (Doc. 6 at 3; Doc. 11 at 3; Doc. 15 at 3; Doc. 21 at 3), necessarily indicates that parties other than plans can be sued for money damages under other provisions of ERISA so long as a given party's individual liability is established, *see, e.g.*, *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 309 (3d Cir. 2008) (interpreting "money judgment" under section 1132(d)(2) to include "benefits due" under section 1132(a)(1)(B) and deeming a non-plan entity individually liable upon breach of fiduciary duty). Thus, "[w]hile it is silly not to name the plan as a defendant in an ERISA suit," the Court rejects the notion that the plan is always the only proper defendant, *Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001); it is by no means "well established that a claim for benefits under Section 502(a)(1)(B) of ERISA may only be maintained against the subject benefit plan" (Doc. 6 at 1; Doc. 15 at 1).

Several circuits have held that section 1132(a)(1)(B) permits a plaintiff to bring an action to recover benefits against the pension plan itself and any fiduciaries with sufficient control over administration of the pension plan, *see, e.g.*, *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994); and circuits that have suggested the plan itself to be the only proper defendant with regard to a section 1132(a)(1)(B) claim have since backed down, *compare Jass v. Prudential*

4

*Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996), *and Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324–25 (9th Cir. 1985), *with Mein*, 241 F.3d at 585 (deeming an employer that served as a plan administrator with "complete control" to be a proper defendant because the employer and plan were closely intertwined), *and Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1206–07 (9th Cir. 2011) (en banc) (expressly overruling *Gelardi*). Furthermore, although our Fourth Circuit has not published a decision that expressly holds who is a proper defendant in an action for benefits under section 1132(a)(1)(B), the Fourth Circuit appears to be aligned with those that permit a plaintiff to bring an action against the pension plan itself as an entity as well as any fiduciaries with control over the administration of the pension plan. *See Gluth*, 1997 WL 368625, at *6 (concluding that the district court erred by permitting the plaintiff to amend its complaint and name an additional defendant because the additional defendant had no control over plan administration and therefore was not a proper defendant in the plaintiff's action for benefits under section 1132(a)(1)(B)).

Appropriately, the Western and Middle Districts of North Carolina have held that a proper defendant in a cause of action for employee benefits under 29 U.S.C. § 1132(a)(1)(B) can be the benefit plan itself, the plan administrator, or a plan fiduciary; a control test, evaluating the extent to which a given person or entity actually exercises discretionary authority, control, or responsibility over the plan, is to be applied. *McRae v. Rogosin Converters, Inc.*, 301 F. Supp. 2d 471, 475–76 (M.D.N.C. 2004) (describing a fiduciary as "any person or entity who actually exercised discretionary authority, control or responsibility over the plan"); *Abbott v. Duke Energy Health & Welfare Ben. Plan*, No. 3:07-110, 2007 WL 2300797, at *2–3 (W.D.N.C. Aug. 7, 2007) (Mullen, J.) (noting further that the control test is fact-intensive); *cf. Colon v. Pencek*, No. 3:07-473, 2008 WL 4093694, at *6 (W.D.N.C. Aug. 28, 2008) (noting that the very

language of the plan at issue made clear that no defendant qualified as a fiduciary).

In applying this control test, the determination of a defendant's level of discretion is a fact-specific inquiry frequently ill-suited for a motion to dismiss. As the Fourth Circuit recognized in *Coleman v. Nationwide Life Insurance Co.*, 969 F.2d 54, 61 (4th Cir. 1992), "a party is a fiduciary only as to the activities which bring the person within the definition[;] . . . a court must ask whether a person is a fiduciary with respect to the particular activity at issue." After first looking to the plan's language, courts "then, should look to the party's actions to determine if the party, in fact, exercised discretionary authority." *Adams v. Brink's Co.*, 372 F. Supp. 2d 854, 904 (W.D. Va. 2005) (citation omitted).

Here, the extent of Defendants Sedgwick's and PNC's respective levels of control over the benefit plan are not yet clear, which weighs in favor of denying Defendants' Motions in this posture of the case. However, Plaintiff has proffered in its Complaint that "[t]he Plan does not grant Sedgwick discretionary authority to determine eligibility for benefits or to construe the terms of the Plan." (Doc. 1 at 6) (arguing for de novo review). Plaintiff's arguments for a more favorable review standard may undermine its proposed application of the control test and the propriety of Sedgwick and PNC's defendant status. *See Curcio*, 33 F.3d at 233 ("[T]he linchpin of fiduciary status under ERISA is discretion."); *Musmeci v. Schwegmann Giant Super Mkts., Inc.*, 332 F.3d 339, 349 (5th Cir. 2003) (holding that the employer was a proper defendant under section 1132(a)(1)(B) because it had the ultimate decision-making authority as to whether the plaintiff was entitled to benefits under the plan); *cf.* 29 U.S.C. § 1002(21)(A) (defining a fiduciary as any person who "exercises any discretionary authority or discretionary control respecting management of such plan . . . or disposition of its assets, . . . [or] has any discretionary authority or discretionary responsibility in the administration of such plan").

6

Nonetheless, the Plan's terms have not yet been presented to the Court, and elsewhere the Plan has been read to provide Defendants Sedgwick and PNC with a great deal of discretion. *See Haisley v. Sedgwick Claims Mgmt. Servs., Inc.*, 776 F. Supp. 2d 33, 45 (W.D. Pa. 2011) ("The plan expressly provides that '[t]he Administrator shall have complete and sole discretion . . .' and that 'no decision of the Administrator shall be overturned unless the decision is arbitrary and capricious.'"); *see also West v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 3:05-486, 2006 WL 4542715, at *5 (W.D. Ky. June 19, 2006) (rejecting Sedgwick's argument that the Plan was the only proper defendant). The *Haisley* court held Sedgwick and PNC to be proper defendants in a cause of action for employee benefits under 29 U.S.C. § 1132(a)(1)(B) and has deemed as entitled to deference under the terms of the Plan the decisions of Sedgwick and PNC to deny benefits. *Haisley*, 776 F. Supp. 2d at 45 (rejecting the de novo standard). Accordingly, without deciding whether Plaintiff has here satisfied the control test, the Court denies Defendants' Motions to Dismiss.

Finally, as it is not the subject of Defendants' present Motions, the matter of whether to apply abuse-of-discretion or de novo review will not be decided at this time.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants Sedgwick's and PNC's Motions to Dismiss (Docs. 5, 14) be **DENIED**.

Signed: May 17, 2012

Richard L. Voorhees
United States District Judge