IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| REBECCA MACHELLE MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC. F/K/A PNC BANK CORP.; THE PNC FINANCIAL SERVICES INC. AND AFFILIATES LONG TERM DISABILITY PLAN F/K/A PNC BANK CORP. AND AFFILIATES LONG TERM DISABILITY PLAN; and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | CASE NO. 5:11-CV-00138-RLV-DSC |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants The PNC Financial Services Group, Inc. ("PNC") and Sedgwick Claims Management Services Inc. ("Sedgwick") (collectively "Defendants")[1], by and through their undersigned counsel, submit this Answer to the Complaint of Plaintiff Rebecca Machelle Martin ("Plaintiff").

The numbered paragraphs, and each factual allegation, of the Complaint, unless specifically admitted herein, are denied. Further, all documents and information referenced in the Complaint which are outside the scope of Sedgwick's administrative claims file for Plaintiff (hereinafter referred to as "Administrative Record") are not part of the Administrative Record for this case.

---

[1] The PNC Financial Services Group, Inc. ("PNC") is successor by name to PNC Bank Corp. The PNC Bank Corp. and Affiliates Long Term Disability Plan ("Plan") is an employee benefit plan sponsored by PNC. The name of the Plan had not yet been amended to reflect the change in the name of the predecessor, PNC Bank Corp., that was effective March 14, 2000. Thus, references herein to PNC include PNC Bank Corp. and/or PNC's subsidiaries as they existed prior to today.

PRV 1200781.1

## JURISDICTION AND VENUE

1.      Plaintiff sets forth the general nature of this action and a conclusion of law in Paragraph 1 of the Complaint, which do not require a response on behalf of Defendants.  To the extent that Plaintiff sets forth factual allegations in Paragraph 1 of the Complaint, Defendants admit that the PNC Bank Corp. and Affiliates Long Term Disability Plan ("Plan") is an employee welfare benefits plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and refer to the Plan for the true and accurate contents thereof, which speak for themselves.  Answering further, Defendants admit that the Plan offered long-term disability ("LTD") benefits to certain eligible employees of PNC.  Defendants deny, however, that Plaintiff is entitled to any of the LTD benefits at issue under the Plan.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      Plaintiff sets forth the general nature of this action as well as conclusions of law in Paragraph 2 of the Complaint, which do not require a response on behalf of Defendants.  To the extent that Plaintiff sets forth factual allegations in Paragraph 2 of the Complaint, Defendants admit that the Plan is an employee welfare benefits plan governed by ERISA, and refer to the Plan for the true and accurate contents thereof, which speak for themselves.  Answering further, Defendants admit that the Plan offered LTD benefits to certain eligible employees of PNC.  Defendants deny, however, that Plaintiff is entitled to any of the LTD benefits at issue under the Plan and deny that Plaintiff is entitled to enforcement of any rights under ERISA.

3.      Plaintiff sets forth conclusions of law in Paragraph 3 of the Complaint, which do not require a response on behalf of Defendants.  To the extent that Plaintiff sets forth factual allegations in Paragraph 3, Defendants admit that Plaintiff participated in the Plan, but deny that

Plaintiff is entitled to any LTD benefits at issue under the Plan. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of the Complaint.

4. Plaintiff sets forth conclusions of law in Paragraph 4 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 4 of the Complaint, Defendants admit that the Plan is an employee welfare benefits plan governed by ERISA. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Plaintiff sets forth conclusions of law in Paragraph 5 of the Complaint, which do not require a response on behalf of Defendants.

## **THE PARTIES**

6. Defendants admit, upon information and belief, that Plaintiff was a resident of North Carolina (at the time of her claim). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Plaintiff sets forth conclusions of law in Paragraph 7 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 7 of the Complaint, Defendants admit that the Plan is an employee welfare benefits plan governed by ERISA, and refer to the Plan for the true and accurate contents thereof, which speak for themselves.

8. Defendants admit that PNC is a Pennsylvania corporation operating throughout North Carolina and the United States. Defendants deny any remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

## THE PLAN

10. Defendants admit that the Plan lists PNC as the Plan Administrator. Answering further, Defendants admit that PNC entered into an Administrative Services Agreement with Sedgwick with respect to the Plan, and refer to said Agreement and the Plan for the true and accurate contents thereof, which speak for themselves. Defendants admit that PNC offers the Plan to eligible employees but note that the Plan is self-funded, and that LTD benefits under the Plan are self-funded and/or paid directly from a pre-established and actuarially pre-determined trust. Defendants deny the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit that the Plan is self-funded, and that LTD benefits under the Plan are self-funded and/or paid directly from a pre-established and actuarially pre-determined trust. Defendants deny the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendants admit that the Plan offered LTD benefits to certain eligible employees of PNC and refer to the Plan for the true and accurate contents thereof, which speak for themselves. Answering further, Defendants note that, at the very least, a Participant must be "Totally Disabled" and not simply "disabled" to receive LTD benefits under the Plan. Consequently, Defendants deny that being "disabled" is the criteria for receipt of LTD benefits under the Plan.

13. Defendants admit that PNC entered into an Administrative Services Agreement with Sedgwick with respect to the Plan on or about March 1, 2004, and refer to said Agreement

and the Plan for the true and accurate contents thereof.  Defendants deny the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Again, Defendants deny that simply being "disabled" is the criteria for receipt of LTD benefits under the Plan.  Answering further, Defendants deny that Plaintiff is eligible for and/or entitled to any LTD benefits at issue under the Plan.  Notwithstanding the foregoing, Defendants refer to the Plan, including but not limited to, the definitions of Totally Disabled, Total Disability, Elimination Period and Maximum Benefit Period for the true and accurate contents thereof, which speak for themselves.  Defendants deny the remaining allegations set forth in Paragraph 14 of the Complaint.

## MS. MARTIN'S DISABILITY AND CLAIM UNDER THE PLAN

15. Defendants refer to the Administrative Record for the true and accurate contents thereof, which speak for themselves.  Notwithstanding the foregoing, and upon information and belief, Defendants admit that Plaintiff was employed as a Functional Training Manager III until she stopped working on October 31, 2003.

16. Defendants admit, upon information and belief, that Plaintiff participated in the Plan, but deny that Plaintiff is eligible for and/or entitled to the LTD benefits at issue under the Plan.  Defendants deny the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendants refer to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.  Notwithstanding the foregoing, Defendants deny the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendants refer to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendants admit, upon information and belief, the allegations in Paragraph 18 of the Complaint.

19. Defendants refer to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendants admit, upon information and belief, the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants refer to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Notwithstanding the foregoing, Defendants deny the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Defendants refer to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Defendants refer to the Administrative Record, including, but not limited to Sedgwick's referenced letter, dated March 11, 2008, for the true and accurate contents thereof, which speak for themselves. Defendants deny any remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendants refer to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants refer to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Defendants deny any remaining allegations set forth in Paragraph 24 of the Complaint.

25. Defendants refer to the Administrative Record, including, but not limited to, Sedgwick's referenced letter, dated October 1, 2008, for the true and accurate contents thereof, which speak for themselves. Defendants deny any remaining allegations set forth in Paragraph 25 of the Complaint.

26. Plaintiff sets forth conclusions of law in Paragraph 26 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 26 of the Complaint, Defendants deny the allegations set forth in Paragraph 26 of the Complaint. Answering further, Defendants refer to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.

27. Plaintiff sets forth conclusions of law in Paragraph 27 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 27 of the Complaint, Defendants deny the allegations set forth in Paragraph 27 of the Complaint. Answering further, Defendants refer to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.

28. Plaintiff sets forth conclusions of law in Paragraph 28 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 28 of the Complaint, Defendants deny the allegations set forth in Paragraph 28 of the Complaint. Answering further, Defendants refer to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.

PPAB 1968018v2

29. Plaintiff sets forth conclusions of law in Paragraph 29 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 29 of the Complaint, Defendants deny the allegations set forth in Paragraph 29 of the Complaint. Answering further, Defendants refer to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.

30. Plaintiff sets forth conclusions of law in Paragraph 30 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 30 of the Complaint, Defendants deny the allegations set forth in Paragraph 30 of the Complaint. Answering further, Defendants refer to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.

31. Plaintiff sets forth conclusions of law in Paragraph 31 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 31 of the Complaint, Defendants deny the allegations set forth in Paragraph 31 of the Complaint. Answering further, Defendants refer to the Administrative Record, including, but not limited to, the Administrative Services Agreement and the Plan, for the true and accurate contents thereof, which speak for themselves.

## **CLAIMS FOR RELIEF**

32. Defendants repeat, reiterate and reallege each and every response to Paragraphs 1 through 31 of Plaintiff's Complaint, and incorporate their responses to Paragraphs 1 through 31 of Plaintiff's Complaint with the same force and effect as though fully set forth herein.

PPAB 1968018v2

33. Defendants refer to the Administrative Record for the true and accurate contents thereof, which speak for themselves. Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Plaintiff sets forth conclusions of law in Paragraph 34 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 34 of the Complaint, Defendants deny the allegations set forth in Paragraph 34 of the Complaint. Answering further, Defendants refer to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.

35. Plaintiff sets forth the general nature of this action as well as conclusions of law in Paragraph 35 of the Complaint, which do not require a response on behalf of Defendants. To the extent that Plaintiff sets forth factual allegations in Paragraph 35 of the Complaint, Defendants refer to the Administrative Record, including, but not limited to, the Plan for the true and accurate contents thereof, which speak for themselves. To the extent that Plaintiff claims that she is entitled to any LTD benefits, or any other rights and/or remedies under the Plan and/or ERISA, Defendants deny such allegations. Defendants deny any remaining allegations set forth in Paragraph 35 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Plaintiff is entitled to any benefits, relief and/or damages against them, including, but not limited to, LTD benefits, interest, fees and costs. Defendants respectfully request that this Court dismiss this action with prejudice and award Defendants their costs, attorneys' fees, and such other and further relief that this Court deems

just and proper. Answering further, and with respect to the numbered paragraphs of Plaintiff's Prayer for Relief in her Complaint ("Prayer for Relief"), Defendants respond as follows:

1. Plaintiff sets forth conclusions of law in Paragraph 1 of her Prayer for Relief which do not require a response on behalf of Defendants. Notwithstanding the foregoing, Defendants state that the arbitrary and capricious standard of review, not a de novo standard of review applies in this case. Defendants deny the remaining allegations set forth in Paragraph 1 of Plaintiff's Prayer for Relief.

2. Plaintiff sets forth conclusions of law in Paragraph 2 of the Prayer for Relief which do not require a response on behalf of Defendants. Notwithstanding the foregoing, Defendants state that the Court's review is limited to the Administrative Record under the arbitrary and capricious standard of review, which governs the case at bar. Defendants deny the remaining allegations set forth in Paragraph 2 of the Prayer for Relief.

3. Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's Prayer for Relief. Answering further, Defendants refer to the Administrative Record, including, but not limited to, the Plan, for the true and accurate contents thereof, which speak for themselves.

4. Defendants deny the allegations set forth in Paragraph 4 of Plaintiff's Prayer for Relief. Answering further, Defendants deny that Plaintiff is entitled to any rights, benefits, interest, relief, remedies, costs, attorneys' fees and/or damages against them.

5. Defendants deny the allegations set forth in Paragraph 5 of Plaintiff's Prayer for Relief. Answering further, Defendants deny that Plaintiff is entitled to any rights, benefits, interest, relief, remedies, costs, attorneys' fees and/or damages against them.

6. Defendants deny the allegations set forth in Paragraph 6 of Plaintiff's Prayer for Relief. Answering further, Defendants deny that Plaintiff is entitled to any rights, benefits,

interest (including pre-judgment interest), relief, remedies, costs, attorneys' fees and/or damages against them.

7. Defendants deny the allegations set forth in Paragraph 7 of Plaintiff's Prayer for Relief. Answering further, Defendants deny that Plaintiff is entitled to any rights, benefits, interest, relief, remedies, costs, attorneys' fees and/or damages against them.

8. Defendants deny the allegations set forth in Paragraph 8 of Plaintiff's Prayer for Relief. Answering further, Defendants deny that Plaintiff is entitled to any rights, benefits, interest, relief, remedies, costs, attorneys' fees and/or damages against them.

9. Defendants deny the allegations set forth in Paragraph 9 of Plaintiff's Prayer for Relief. Answering further, Defendants deny that Plaintiff is entitled to any rights, benefits, interest, relief, remedies, costs, attorneys' fees and/or damages against them.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff failed to state any claim, in whole or in part, upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

The Plan by its terms vests the administrator with discretionary authority, and, thus, the deferential arbitrary and capricious standard of review applies in this case.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to provide sufficient evidence supporting her alleged Total Disability.

### **FOURTH AFFIRMATIVE DEFENSE**

The reasonable exercise of discretion in denying Plaintiff's claim was not arbitrary or capricious.

### FIFTH AFFIRMATIVE DEFENSE

The Plan's process for the claim and appeal of any benefits is reasonable and was applied to Plaintiff's claim fairly and appropriately.

### SIXTH AFFIRMATIVE DEFENSE

There was no conflict of interest with respect to Plaintiff's claim for benefits.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to extracontractual compensatory or punitive damages under ERISA or other applicable law. <u>Massachusetts Mutual Life Ins. Co. v. Russell</u>, 473 U.S. 134 (1985).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims, if any, are preempted by ERISA.

### NINTH AFFIRMATIVE DEFENSE

Defendants acted pursuant to a duty required by law, statute and/or a statutorily authorized regulation.

### TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to timely file a claim for LTD benefits as required by the Plan, Plaintiff's action is barred by such failure.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to timely file this action, Plaintiff's claims are barred by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to exhaust her administrative remedies and/or other prerequisites to suit, Plaintiff's action is barred by such failure.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants satisfied their obligations to Plaintiff, and Plaintiff is not entitled to any of the claimed damages in the case at bar.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not "Totally Disabled" and/or otherwise entitled to benefits under the terms of the Plan.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails for misnomer of parties, and for failure to sue the Plan exclusively.

Dated: May 31, 2012

Respectfully submitted,

THE PNC FINANCIAL SERVICES GROUP, INC.
and SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.

By their attorneys,

/s/ Keith M. Weddington_____
Keith M. Weddington
N.C. Bar No. 14352
/s/ Mary H. Crosby_____
N.C. Bar No. 34426
Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center
401 South Tryon Street
Suite 3000
Charlotte, NC 28202
Telephone: 704.335.9035
Facsimile: 704.335.9697
Email: keithweddington@parkerpoe.com
Email: marycrosby@parkerpoe.com

Gina D. Wodarski *(admitted pro hac vice)*
Edwards Wildman Palmer LLP
111 Huntington Avenue
Boston, MA 02199-7613
Telephone: 617.951.2223

Facsimile: 617.439.4170
Email: gwodarski@edwardswildman.com

Jonathan R. Shank *(admitted pro hac vice)*
Edwards Wildman Palmer LLP
2800 Financial Plaza
Providence, RI 02903
Telephone: 401.528.5755
Facsimile: 866.955.9271
Email: jshank@edwardswildman.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **"Defendants' Answer To Plaintiff's Complaint"** has been served upon Plaintiff's counsel via the Court's ECF/Electronic Filing System as noted below:

> Charles McBrayer Sasser
> The Sasser Law Firm, P.A.
> Suite 350
> 1011 East Morehead Street
> Charlotte, NC 28204
> Email: msasser@sasserlawoffice.com

This 31st day of May, 2012.

> /s/ Keith M. Weddington
> Keith M. Weddington
> N.C. Bar No. 14352
> Parker Poe Adams & Bernstein LLP
> Three Wells Fargo Center
> 401 South Tryon Street
> Suite 3000
> Charlotte, NC 28202
> Telephone: 704.335.9035
> Facsimile: 704.335.9697
> Email: keithweddington@parkerpoe.com