IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| REBECCA MACHELLE MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC. F/K/A PNC BANK CORP.; THE PNC FINANCIAL SERVICES INC. AND AFFILIATES LONG TERM DISABILITY PLAN F/K/A PNC BANK CORP. AND AFFILIATES LONG TERM DISABILITY PLAN; and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>        Defendants. | Civil Action No. 5:11-cv-00138-RLV-DSC |

## **CONSENT PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon joint motion by the parties, Plaintiff Rebecca Machelle Martin (hereinafter "Plaintiff") and Defendants The PNC Bank Corp. and Affiliates Long Term Disability Plan (hereinafter "Plan") and Sedgwick Claims Management Services, Inc., (hereinafter "Sedgwick") (collectively, "Defendants"), and it appearing that the prosecution and defense of this action may involve the production and filing of information that is confidential and/or proprietary, and it further appearing that good cause exists for the entry of an order limiting the disclosure of such information;

IT IS THEREFORE ORDERED, with the consent of the parties, and the parties agree that:

1.    All confidential or highly confidential information produced in the instant action shall be subject to the terms and provisions set forth herein.

2. The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

    a. "CONFIDENTIAL" information means any information not generally available to the public that is disclosed in the course of proceedings in this action, including, but not limited to, personnel documents and/or information; job descriptions; performance documents and information; documents concerning personnel actions; information concerning present and/or former employees of Defendants; Plaintiff's wage, salary and benefit information; documents and/or information from medical consultants, experts, health care providers and/or other third parties concerning Plaintiff; medical and/or HIPAA protected information concerning Plaintiff; and any other confidential documents that are/were not generally available to the public.

    b. "HIGHLY CONFIDENTIAL" information means any information that is not generally available to the public; is only disclosed <u>with restricted access</u> in the course of proceedings in this action; and Defendants believe to be extremely sensitive and the disclosure of which could cause irreparable harm, including, but not limited to, financial, monetary, pricing and/or fee information; trade secrets; intellectual property; proprietary and/or confidential business and/or commercial information; business, strategic and/or marketing models and/or plans; consulting documents and/or agreements; information concerning the relationship between Sedgwick and The PNC Financial Service Group, Inc. ("PNC") including,

but not limited to, the Services Agreement between Sedgwick Claims Management Services, Inc., and PNC; policies, protocols, practices, models, methods, designs, reports, data, audits, compilations, plans, communications and procedures of Defendants, including, but not limited to the Plan, the Trust Agreement and/or other information concerning funding of the Plan, and related plan documents and/or information; communications between Defendants and any third party administrator or claims administrator; documents and information concerning benefits and/or benefits claims; documents and/or information from consultants and/or experts, and any other information deemed by Defendants to be extremely sensitive and highly confidential.

3. Any CONFIDENTIAL and HIGHLY CONFIDENTIAL information produced in this action shall be used solely for the purpose of good faith litigation of the above-captioned matter and for no other purpose. Counsel for the parties shall designate CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information by stamping the word(s) "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" on each page of any such document.

4. Material or information designated as CONFIDENTIAL may only be disclosed to and/or examined by the following persons:

    a. Defendants;

    b. Plaintiff;

    c. the parties' respective counsel and employees or independent contractors of the parties' counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action;

d. court reporters or stenographers only to the extent necessary to prepare records of sworn testimony in the instant action; and

e. magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action.

5. To the extent that any person identified in Paragraph 4 above is allowed access to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information, such person shall not disclose such information to any other individual and/or entity other than those identified in Paragraph 4 above and, except as specified in Paragraph 13.a. below, shall not retain such information beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted . Material or information that is both designated as HIGHLY CONFIDENTIAL and subject to filing under seal as described in Paragraph 7, below may only be disclosed to and/or examined by the persons identified in Paragraphs 4(c) through (e) above.

6. The originating or producing party may waive the confidentiality provisions of this Consent Protective Order as to any information designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, or any portion thereof, only by explicit written waiver, executed by both parties and/or their counsel on a date following the execution and entry of this Consent Protective Order. Such waiver shall not result in a waiver of the confidential status of any other information deemed CONFIDENTIAL and/or HIGHLY CONFIDENTIAL pursuant to this Consent Protective Order. No parties shall be deemed to have waived the confidentiality provisions of this Consent Protective Order, and/or any CONFIDENTIAL or HIGHLY CONFIDENTIAL information prior to this Consent Protective Order.

7. The administrative claims file, the Plan, the Plan's Summary Plan Description, the Services Agreement between Sedgwick Claims Management Services, Inc. and PNC and the

PPAB 1999508v1 -4-
Case 5:11-cv-00138-RLV-DSC Document 34 Filed 09/10/12 Page 4 of 8

Trust Agreement and/or other information concerning the funding of the Plan, copies of which will be or which have been produced by Defendants contain CONFIDENTIAL AND HIGHLY CONFIDENTIAL information as defined herein and that such documents will be filed electronically pursuant to the Court's Standing Protective Order governing cases under the Employee Retirement Income Security Act. Nothing herein shall be construed as to prevent the parties from arguing, citing, quoting or excerpting from these documents in their pleadings, memoranda or other court filings. All other documents consisting of or containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information will be filed under seal pursuant to Local Rule of Civil Procedure 6.1. A party seeking to argue, cite, quote or excerpt in their pleadings, memoranda or other court filings from any information that is or will be filed under seal will also file such document under seal unless the parties agree in writing otherwise in advance.

8. To the extent there is any statement(s) or testimony of any person with respect to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information, such statement(s) and/or testimony shall be deemed CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, respectively, including but not limited to the transcript or a portion thereof that contains such CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information.

9. Any party that desires relief from the provisions of this Consent Protective Order or desires further protection with respect to CONFIDENTIAL or HIGHLY CONFIDENTIAL information may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days notice to counsel for the parties.

10. Any CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be offered into evidence at trial in open court (a) upon reasonable written notice and an opportunity

to be heard before the Court prior to disclosure, unless the party that produced such information obtains an appropriate protective order from the Court directing a closed session, or (b) by use of jointly marked exhibits.

11. This Consent Protective Order may only be amended by the agreement of counsel for the parties and in the form of the parties' written amendment to the Consent Protective Order.

12. This Consent Protective Order shall remain in full force and effect indefinitely until modified, superseded, and/or terminated by written agreement of the parties hereto or by court order.

13. Limitations

a. Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information (and all copies thereof) which are in the possession, custody or control of any person other than the party which produced such documents or items shall either be returned to the party which produced such documents/items or destroyed; provided, however, counsel may retain a copy of such documents for their respective files as may be necessary to comply with the requirements of any applicable malpractice insurance coverage or any statutory or regulatory obligation. To the extent the disposition of this litigation results in the ongoing administration of plaintiff's long-term disability claim, counsel shall be entitled to retain all documents for use as described in Paragraph 13.d. Any such copies retained by counsel shall be treated in accordance with the terms of this Order.

Nothing in this Consent Protective Order shall preclude Plaintiff's counsel from retaining and using any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information in any future litigation in a court of competent jurisdiction against these Defendant(s) or their successors in

interest, provided that (1) any future plaintiff agrees to be bound by all of the terms of this Consent Protective Order and (2) any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information is (a) not used to solicit any future litigation or to benefit Plaintiff's counsel; (b) is not used in any future litigation until after a complaint is filed; (c) is not used for any unlawful purpose; and (d) is treated in accordance with the terms of this Consent Protective Order.

b.  Nothing in this Consent Protective Order constitutes an admission or agreement that any document and/or information is subject to discovery and/or is admissible as evidence in this case. Likewise, nothing in this Consent Protective Order constitutes an admission or agreement that any document and/or information is not subject to discovery and/or is inadmissible as evidence in this case.

c.  Nothing in this Consent Protective Order shall preclude Plaintiff from any use or disclosure of her personal information including without limitation, her medical, employment and salary history or income, notwithstanding whether such information is designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information.

d.  Nothing in this Consent Protective Order shall preclude Plaintiff or her counsel from any reasonable use or disclosure of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information as part of any ongoing administration of her claim for long term disability benefits that is the subject of this action or in any subsequent litigation of same.

e.  To the extent Plaintiff and her counsel treat any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL as such under this agreement, such conduct shall not constitute an agreement or admission that such information does in fact satisfy the definition of CONFIDENTIAL or HIGHLY CONFIDENTIAL or shall prevent seeking relief at any time pursuant to paragraph 9.

14. Pursuant to Paragraph I.F. of the Court's June 20, 2012 Pretrial Order and Case Management Plan, the ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

Dated: September 10, 2012

SO ORDERED: _____
UNITED STATES Magistrate JUDGE

AGREED AND CONSENTED TO:

Dated: September 6, 2012

ATTORNEY FOR PLAINTIFF

s/Charles McBrayer Sasser
Charles McBrayer Sasser NCSB No. 10027
The Sasser Law Firm, P.A.
1011 East Morehead St., Suite 350
Charlotte, North Carolina 28204
Telephone: 704-342-4200
Facsimile: 704-342-0798
Email: msasser@sasserlawoffice.com

AGREED AND CONSENTED TO:

Dated: September 6, 2012

ATTORNEYS FOR DEFENDANTS

s/Keith M. Weddington
Keith M. Weddington NCSB No. 14352
Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: 704.335.9035
Facsimile: 704.335.9697
Email: keithweddington@parkerpoe.com

s/Gina D. Wodarski
Gina D. Wodarski (admitted *pro hac vice*)
Edwards Wildman Palmer LLP
111 Huntington Avenue
Boston, MA 02199
Telephone: 617.951.2223
Facsimile: 888.325.9482
Email: gowdarski@edwardswildman.com